# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE BABCOCK & WILCOX ENTERPRISES, INC. SHAREHOLDER DERIVATIVE LITIGATION | Lead C.A. No. 18-281-MAK <br><br> (Consolidated with Nos. 18-282 and 18-305) |
| This Document Relates to: <br><br> ALL ACTIONS. | |

## JOINT MOTION AND [PROPOSED] ORDER FOR STAY OF LITIGATION AND RELATED MATTERS

Plaintiffs Mike DeAngelis, Dan Hegeman, and Bud and Sue Frashier Family Trust ("Plaintiffs"), E. James Ferland, Jenny L. Apker, Daniel W. Hoehn, Leslie Kass, Thomas A. Christopher, Cynthia S. Dubin, Brian K. Ferraioli, Stephen G. Hanks, Anne R. Pramaggiore, and Larry L. Weyers (the "Individual Defendants"), and nominal defendant Babcock & Wilcox Enterprises, Inc. ("B&W," and together with the Individual Defendants, the "Defendants"), hereby move the Court for an order staying the above-styled shareholder derivative litigation (the "Action"). In support of such Motion, the Parties show as follows:

1. On February 16, 2018, Plaintiff Mike DeAngelis commenced the action styled *DeAngelis v. Ferland, et al.*, C.A. No. 18-281-VAC-SRF (D. Del.). On February 16, 2018, Plaintiff Dan Hegeman commenced the action styled *Hegeman v. Ferland, et al.*, C.A. No. 18-282-VAC-SRF (D. Del.). On February 22, 2018, Plaintiff Bud and Sue Frashier Family Trust commenced the action styled *Bud and Sue Frashier Family Trust v. Apker, et al.*, C.A. No. 18-305-VAC-SRF (D. Del.).

2. On April 10, 2018, the Parties filed a stipulation seeking to consolidate the three related derivative actions pending in this Court, requesting the appointment of lead and liaison

counsel for Plaintiffs, and proposing a schedule for the filing of a Consolidated Complaint and briefing thereon (D.I. 5).

3. On April 23, 2018, the Court entered an order (i) consolidating the related derivative actions, (ii) designating co-lead and co-liaison counsel, and (iii) setting a deadline of May 25, 2018 for Plaintiffs to file a Consolidated Complaint and a deadline of June 18, 2018 for Defendants to respond to the Consolidated Complaint (D.I. 6).

4. On May 23, 2018, the Parties filed a Stipulation and [Proposed] Order to Modify Schedule in the Action, Lead C.A. No. 18-281-MAK (D. Del.), in light of the Parties' discussions concerning the most efficient ways to address this litigation, including various case management proposals that could impact the schedule in this Action (D.I. 9).

5. On May 23, 2018, the Court approved, in part, the Parties' Stipulation, setting a deadline of June 1, 2018 for Plaintiffs to file a Consolidated Complaint and a deadline of June 25, 2018 for Defendants to respond to the Consolidated Complaint (D.I. 10).

6. On June 1, 2018, Plaintiffs filed their Consolidated Complaint (D.I. 11).

7. A factually related securities class action is currently pending in the United States District Court for the Western District of North Carolina, titled *Olilla v. Babcock & Wilcox Enterprises, Inc. et al.*, Case No. 3:17-cv-00109-MOC-DCK (W.D.N.C.) (the "Securities Class Action").

8. While Plaintiffs believe this Action has merit independent of and is not dependent on the outcome of Securities Class Action, the Parties agree that discovery in the Securities Class Action may help inform the manner in which this Action proceeds.

9. Accordingly, in the interest of judicial economy, the Parties request that all proceedings and deadlines in this Action be stayed until the earlier of (i) the close of discovery in

the Securities Class Action, or (ii) the deadline for appealing a judgment entered in the Securities Class Action.

10. In connection with the Parties' agreement to stay this Action, Defendants shall make available to Plaintiffs, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all written responses from Defendants to discovery requests produced to the Securities Class Action plaintiffs; (ii) copies of all documents produced by Defendants to the Securities Class Action plaintiffs; (iii) transcripts of all depositions of Defendants and their present and former employees, officers, and directors taken in connection with the Securities Class Action; and (iv) all written agreements regarding the scope of discovery to be produced by Defendants in the Securities Class Action. Defendants will use all reasonable efforts to provide the materials set forth herein to Plaintiff within twenty (20) days of providing them to the Securities Action plaintiffs. The Parties expressly preserve all rights and arguments with respect to discovery in this case, to the extent not addressed in this stipulation. Defendants do not waive and expressly preserve their argument that, aside from any documents produced under the terms of this Stipulation, formal discovery in this Action is and should continue to be stayed until the resolution of any motion to dismiss filed in this Action pursuant to the Private Securities Litigation Reform Act's discovery stay provision. *See* 15 U.S.C. § 78u-4(b)(3)(B).

11. If Defendants engage in mediation in the Securities Class Action or in any related derivative action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation. Plaintiffs may participate in that mediation unless one of the parties to the Securities Class Action objects to Plaintiffs' participation. In the event that one of the parties to the Securities Class Action objects to Plaintiffs' participation, Defendants agree to mediate this Action at a reasonable time after the successful completion of the Securities Class action

mediation. If Defendants provide documents to the plaintiff in the Securities Action or related derivative action in connection with a mediation, Defendants agree to provide within ten (10) days the same documents to Plaintiffs in this Action on the same terms they are provided to plaintiff in the Securities Class Action or related derivative action, as appropriate.

12. Defendants hereby preserve all defenses and objections to the Action, including, among others, with regard to whether Plaintiffs were legally excused from making a pre-suit demand on B&W's Board of Directors (the "Board").

13. Within thirty (30) days after the earlier of the close of discovery or the deadline for appealing a judgment entered in the Securities Class Action, the Parties to this Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.

14. This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as this Action that is subsequently filed in, removed to, or transferred to this Court.

15. Notwithstanding the stay of this Action, if, pursuant to paragraph 3(c) of this Court's order entered on April 23, 2018 (D.I. 6), a case that properly belongs as part of *In re Babcock & Wilcox Enterprises, Inc. Shareholder Derivative Litigation*, Lead C.A. No. 18-281, is hereafter filed in this Court or transferred here from another court, Plaintiffs' Co-Lead counsel shall promptly call to the attention of the Court the filing or transfer of any case that might properly be consolidated as part of *In re Babcock & Wilcox Enterprises, Inc. Shareholder Derivative Litigation*, Lead C.A. No. 18-281.

16. Defendants shall promptly notify Plaintiffs of any related derivative lawsuits of which Defendants become aware. In the event that any documents are produced by Defendants

to any other B&W shareholder who has filed a related shareholder derivative action on behalf of the Company, or in connection with any demands for the inspection of books and records of the Company that are based on the same facts as those alleged in this Action, Defendants agree to produce those documents to Plaintiffs.

17. Any party shall have the right to file a motion seeking a court order lifting the stay of this Action. The Parties agree that for a period of thirty (30) days after the entry of an order lifting the stay, the Parties to this Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval. If Plaintiffs file a motion seeking a court order lifting the stay, Defendants' obligations pursuant to paragraphs 10, 11, and 16 shall cease upon the entry of the order lifting the stay. No motion to lift this stay will be initiated or filed by a Plaintiff except through the Plaintiffs' Co-Lead counsel.

For the foregoing reasons, the Parties respectfully request that the Court stay this litigation, on the terms agreed to in this Stipulation, until the earlier of (i) the close of discovery in the Securities Class Action or (ii) the deadline for appealing a judgment entered in the Securities Class Action.

Dated: June 14, 2018  */s/ Michael J. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Blake A. Bennett (#5133)
Cooch and Taylor, P.A.
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899
(302) 984-3889
bbennett@coochtaylor.com

*Co-Liaison Counsel for Plaintiffs*

Brian J. Robbins
Craig W. Smith
Steven R. Wedeking
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, CA 92101
(619) 525-3990
brobbins@robbinsarroyo.com
csmith@robbinsarroyo.com
swedeking@robbinsarroyo.com

Timothy W. Brown
The Brown Law Firm, P.C.
240 Townsend Square
Oyster Bay, NY 11771
(516) 922-5427
tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

June 14, 2018

*/s/ Christine D. Haynes*
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
John D. Hendershot (#4178)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
williams@rlf.com
fineman@rlf.com
hendershot@rlf.com
haynes@rlf.com
*Attorneys for Defendants*

6

RLF1 19513337v.1
Case 3:18-cv-00347-MOC-DCK   Document 13   Filed 06/14/18   Page 6 of 7

**IT IS SO ORDERED** this \_\_\_\_ day of June, 2018.

_____
U.S. DISTRICT COURT JUDGE