**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Lead No. 3-18-CV-347-MOC-DCK**
**(Consolidated with Nos. 3:18-CV-349-MOC-DCK and 3:18-CV-350-MOC-DCK)**

|  |  |  |
|---|---|---|
| IN RE BABCOCK & WILCOX ENTERPRISES, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) | |
| | ) | **ORDER** |
| This Document Relates To: | ) ) | |
| ALL ACTIONS | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Stay Of Litigation And Related Matters" (Document No. 47), filed by Plaintiffs Mike DeAngelis, Dan Hegeman, and Bud and Sue Frashier Family Trust ("Plaintiffs"), Jenny L. Apker, Daniel W. Hoehn, Leslie Kass, E. James Ferland, Stephen G. Hanks, Larry L. Weyers, Thomas A. Christopher, Brian K. Ferraioli, Anne R. Pramaggiore, and Cynthia S. Dubin (the "Individual Defendants"), and nominal defendant Babcock & Wilcox Enterprises, Inc. ("B&W" or the "Company," and together with the Individual Defendants, the "Defendants") on August 8, 2018.

Having carefully considered the motion and the record, and noting the parties' agreement, the undersigned will grant the motion.

**IT IS, THEREFORE, ORDERED** that the "Joint Motion For Stay Of Litigation And Related Matters" (Document No. 47) is **GRANTED**.

1.       All proceedings and deadlines in this consolidated derivative action (the "Action") are hereby stayed until the earlier of (i) the close of discovery in Ollila v. Babcock & Wilcox Enterprises, Inc. et al., Case No. 3:17-cv-109-MOC-DCK (W.D.N.C.) (the "Securities Class Action"), or (ii) the deadline for appealing a judgment entered in the Securities Class Action.

2.	In connection with the Parties' agreement to stay this Action, Defendants shall make available to Plaintiffs, subject to entry of an appropriate protective order and the other provisions of this Order: (i) copies of all written responses from Defendants to discovery requests produced to the Securities Class Action plaintiffs; (ii) copies of all documents produced by Defendants to the Securities Class Action plaintiffs; (iii) transcripts of all depositions of Defendants and their present and former employees, officers, and directors taken in connection with the Securities Class Action; and (iv) all written agreements regarding the scope of discovery to be produced by Defendants in the Securities Class Action. Defendants shall use all reasonable efforts to provide the materials set forth herein to Plaintiffs within twenty (20) days of providing them to the Securities Action plaintiffs. All rights and arguments with respect to discovery in this case, to the extent not addressed in this stipulation, are hereby preserved by the Parties. Defendants' argument that, aside from any documents produced under the terms of this Stipulation, formal discovery in this Action is and should continue to be stayed until the resolution of any motion to dismiss filed in this Action pursuant to the Private Securities Litigation Reform Act's discovery stay provision, is also hereby preserved and not waived. See 15 U.S.C. § 78u-4(b)(3)(B).

3.	If Defendants engage in mediation in the Securities Class Action or in any related derivative action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation. Plaintiffs may participate in that mediation unless one of the parties to the Securities Class Action objects to Plaintiffs' participation. In the event that one of the parties to the Securities Class Action objects to Plaintiffs' participation, Defendants shall mediate this Action at a reasonable time after the successful completion of the Securities Class Action mediation. If Defendants provide documents to the plaintiff in the Securities Class Action or related derivative action in connection with a mediation, Defendants shall provide within ten (10) days the same

documents to Plaintiffs in this Action on the same terms they are provided to plaintiff in the Securities Class Action or related derivative action, as appropriate.

4.      All of Defendants' defenses and objections to the Action, including, among others, with regard to whether Plaintiffs were legally excused from making a pre-suit demand on B&W's Board of Directors, are hereby preserved.

5.      Within thirty (30) days after the earlier of the close of discovery or the deadline for appealing a judgment entered in the Securities Class Action, the Parties to this Action shall meet and confer regarding future case scheduling and shall submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.

6.      This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as this Action that is subsequently filed in, removed to, or transferred to this Court.

7.      Notwithstanding the stay of this Action, if a case that properly belongs as part of this consolidated Action is hereafter filed in this Court or transferred here from another court, Plaintiffs' Co-Lead counsel shall promptly call to the attention of the Court the filing or transfer of any case that might properly be consolidated as part of this Action.

8.      Defendants shall promptly notify Plaintiffs of any related derivative lawsuits of which Defendants become aware.  In the event that any documents are produced by Defendants to any other B&W shareholder who has filed a related shareholder derivative action on behalf of the Company, or in connection with any demands for the inspection of books and records of the Company that are based on the same facts as those alleged in this Action, Defendants agree to produce those documents to Plaintiffs.

9.      Any party shall have the right to file a motion seeking a court order lifting the stay of this Action.  The Parties agree that for a period of thirty (30) days after the entry of an order lifting the stay, the Parties to this Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and approval.  If Plaintiffs file a motion seeking a court order lifting the stay, Defendants' obligations pursuant to this Order shall cease upon the entry of the order lifting the stay.  No motion to lift this stay will be initiated or filed by a Plaintiff except through the Plaintiffs' Co-Lead counsel.

**SO ORDERED**.

Signed: August 13, 2018

David C. Keesler
United States Magistrate Judge