UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00347-MOC-DCK
(Consolidated with Nos. 3:18-cv-00349-MOC-DCK and 3:18-cv-00350-MOC-DCK)

| | | |
|---|---|---|
| **MIKE DEANGELIS,** | ) | |
| **DAN HEGEMAN,** | ) | |
| **BUD AND SUE FRASHIER FAMILY TRUST**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **E. JAMES FERLAND,** | ) | |
| **JENNY L. APKER,** | ) | |
| **DANIEL W. HOEHN,** | ) | |
| **LESLIE KASS,** | ) | |
| **THOMAS A. CHRISTOPHER,** | ) | |
| **ANNE R. PRAMAGGIORE,** | ) | |
| **CYNTHIA S. DUBIN,** | ) | |
| **LARRY L. WEYERS,** | ) | |
| **BRIAN K. FERRAIOLI,** | ) | |
| **STEPHEN G. HANKS**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement (#56).

**WHEREAS**, a consolidated derivative action is pending before this Court captioned *Ollila v. Babcock & Wilcox Enterprises, Inc. et al.*, No. 3:18-cv-00347-MOC-DCK (the "Action");

**WHEREAS**, plaintiffs Mike DeAngelis, Dan Hegeman, and Bud and Sue Frashier Family Trust have made an application, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure ("Rule 23.1"), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of this Action in accordance with the Stipulation and Agreement of Settlement dated July 22, 2019

-1-

(the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; (ii) approving the form and manner of the dissemination of the Notice and Summary Notice to Current B&W Stockholders, attached as Exhibits C and D, respectively to the Stipulation; and (iii) scheduling a date for the Settlement Hearing (defined below), pursuant to Rule 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of the Fee and Expense Amount, which was separately negotiated by the Parties;

**WHEREAS**, this Court has considered the Stipulation and the exhibits annexed thereto and the arguments of the Parties; and

**WHEREAS**, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (except as to those capitalized terms defined herein).

**IT IS HEREBY ORDERED** as follows:

1. This Court has jurisdiction over the subject matter of the Action, and the Parties to the Stipulation agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement, which is set forth therein, subject to further consideration at the Settlement Hearing.

3. **The Settlement Hearing shall be held before this Court on December 16, 2019, at 10:30 a.m. in Charlotte**, in the United States District Court for the Western District of North Carolina, the Honorable Max O. Cogburn Jr. presiding, for the following purposes:

> > i. to determine whether the proposed Settlement of the Action is fair, reasonable, and adequate and in the best interests of B&W and its stockholders;
>
> > ii. to hear and rule on any objections to the proposed Settlement, including the attorneys' fees and expenses Defendants' insurer agreed to pay Plaintiffs' Counsel;
>
> > iii. to determine whether to approve the agreed-to Fee and Expense Amount; and
>
> > iv. to determine whether the Court should enter the Order and Final Judgment, attached as Exhibit D to the Stipulation, which would dismiss with prejudice the Federal Derivative Action and release the Plaintiffs' Released Claims and Defendants' Released Claims including any claims related to the Federal and State Derivative Actions that have been brought or could have been brought against the Defendants' Released Persons.

4. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current B&W Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

5. Within ten (10) business days of the Court's entry of this Order, B&W shall: (a) post a copy of the Stipulation and Notice on the Investor Relations portion of the B&W's website; (b) cause a Current Report on Form 8-K to be filed with the U.S. Securities and Exchange Commission that attaches the contents of the Summary Notice, and provides a link in the Form 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of B&W's website at www.babcock.com/questions; and (c) cause a copy of the Summary Notice to be

-3-

Case 3:18-cv-00347-MOC-DCK   Document 57   Filed 08/12/19   Page 3 of 8

published one time in Investor's Business Daily's *IBD Weekly Print*. All costs of such Notice and posting and any other notice ordered by the Court shall be paid by B&W.

6. The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements of Rule 23.1, the United States Constitution, and other applicable law.

7. At least twenty-eight (28) calendar days prior to the Settlement Hearing, Defendants' Counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of dissemination of the Notice and Summary Notice.

8. All papers in support of the Settlement and the Fee and Expense Amount shall be filed with the Court and served at least twenty-eight (28) calendar days prior to the Settlement Hearing. At least seven (7) calendar days prior to the Settlement Hearing, the Parties shall make and serve a filing with the Court that is responsive to any objections that are filed with the Court pursuant to Paragraph 9 below and/or that is in further support of the Settlement.

9. Any Current B&W Stockholder may object to the Settlement of the Action, the proposed Order and Final Judgment, the proposed Fee and Expense Amount, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such a stockholder must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of B&W common stock, including the number of shares of B&W common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and

(d) any documentation in support of such objection.  Any objection should not exceed twenty-five (25) pages in length.  If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.  Such materials must be filed with the Clerk of the United States District Court for the Western District of North Carolina and sent by first class mail to the following addresses and postmarked at least twenty-one (21) calendar days before the Settlement Hearing:

> Shane P. Sanders
> ROBBINS ARROYO LLP
> 5040 Shoreham Place
> San Diego, CA 92122
>
> Timothy Brown
> THE BROWN LAW FIRM, P.C.
> 240 Townsend Square
> Oyster Bay, NY 11771
>
> *Co-Lead Counsel for Plaintiffs in the Federal Derivative Action*
>
> Corey D. Holzer
> HOLZER & HOLZER, LLC
> 1200 Ashford Parkway, Suite 410
> Atlanta, GA 30338
>
> *Counsel for Plaintiff in the State Derivative Action*
>
>     -and-
>
> John L. Latham
> ALSTON & BIRD LLP
> 1201 West Peachtree Street NW
> Atlanta, GA 30309
>
> *Counsel for the Individual Defendants in the Federal and State Derivative Actions*
>
> David N. Kelley
> DECHERT LLP
> Three Bryant Park
> 1095 Avenue of the Americas

New York, NY 10036

*Counsel for Nominal Defendant Babcock & Wilcox Enterprises, Inc. in the Federal and State Derivative Actions*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Stipulation, Order and Final Judgment, and the Fee and Expense Amount; (ii) barred from raising such objection in this Action or any other action or proceeding related thereto; and (iii) bound by the Order and Final Judgment and the releases of claims set forth therein.

10. Pending final determination of whether the Settlement should be approved, all proceedings in the Federal Derivative Action and all further activity between the Parties regarding or directed toward the Federal Derivative Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

11. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and all B&W stockholders derivatively on behalf of B&W are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiffs' Released Claims against Defendants' Released Persons.

12. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current B&W Stockholders.

13. All Current B&W Stockholders shall be bound by all orders, determinations, and judgments in the Action that pertains to the Settlement.

14. The provisions contained in the Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability,

or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Federal and State Derivative Actions or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Parties may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Federal and State Derivative Actions as of the last date before the execution of the Stipulation, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Federal and State Derivative Actions or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

16. In the event the Order and Final Judgment fails to become final, then it shall be the obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to B&W's insurance carrier of any attorneys' fees and expenses previously paid within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction in an amount consistent with any reversal or modification, the portion of the attorneys' paid to them.

**IT IS SO ORDERED**.

Signed: August 9, 2019

Max O. Cogburn Jr.
United States District Judge

-8-

Case 3:18-cv-00347-MOC-DCK   Document 57   Filed 08/12/19   Page 8 of 8