**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Lead No. 3:18-CV-00347-MOC-DCK
(Consolidated with Nos. 3:18-CV-00349-MOC-DCK and 3:18-CV-00350-MOC-DCK)

| | |
|---|---|
| IN RE BABCOCK & WILCOX ENTERPRISES, INC. SHAREHOLDER DERIVATIVE LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Final Approval of Derivative Settlement (#62). Previously, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court dated August 9, 2019, on the application of plaintiffs Mike DeAngelis, Dan Hegeman, and Bud and Sue Frashier Family Trust ("Plaintiffs") for approval of the settlement of the aforecaptioned action (the "Action") as set forth in the Stipulation and Agreement of Settlement dated as of July 22, 2019, including all exhibits thereto (the "Stipulation"). Due and adequate notice having been given by Babcock & Wilcox Enterprises, Inc. ("B&W" or the "Company") and Plaintiffs to Current B&W Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Order and Final Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

1

2. This Court has jurisdiction over the subject matter of the Action, and the Parties to the Stipulation have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

3. The record shows that Notice and Summary Notice have been given to all Current B&W Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notice and Summary Notice: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated, under the circumstances, to apprise all Current B&W Stockholders who could reasonably be identified of the pendency of the Federal and State Derivative Actions, the terms of the Settlement, and Current B&W Stockholders' right to object to and to appear at the settlement fairness hearing held on December 16, 2019 (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure ("Rule 23.1(c)"); and (iv) meet the requirements of due process.

4. In light of the benefits to the Company and the complexity, expense and possible duration of further litigation against the Defendants, the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of B&W and its stockholders. This Court further finds the Settlement as set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of B&W, B&W Stockholders, and the Individual Defendants.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. The Action and all claims contained therein, as

well as all of the Plaintiffs' Released Claims, are dismissed on the merits and with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

6. The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

7. Upon the Effective Date, the Plaintiffs' Released Persons and all other B&W stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Plaintiffs' Released Claims (including Unknown Claims) against Defendants' Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, Defendants' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Defendants' Released Claims (including Unknown Claims) against Plaintiffs' Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms enforce the terms of the Stipulation.

9. The provisions contained in the Stipulation (including any exhibits attached hereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Federal and State Derivative Actions or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the

Settlement. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby approves the Fee and Expense Amount in the amount of one million dollars ($1,000,000).

11. Payment of the Fee and Expense Amount made by B&W's insurer(s) as specified in Paragraph 5 of the Stipulation shall be releasable to Plaintiffs' Counsel within ten (10) business days of the entry of the Judgment, notwithstanding the existence of any collateral attacks on the Settlement and/or the Fee and Expense Amount including, without limitation, any objections or appeals.

12. The Court hereby approves a service award of $1,500 to each of the Plaintiffs to be paid out of the Fee and Expense Amount.

13. If for any reason the Effective Date as set forth in the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if this Judgment is successfully attacked collaterally, then the payment of the Fee and Expense Amount, and any and all interest accrued thereon since payment, shall be returned to B&W's insurance carrier within ten (10) business days of receiving notice from Defendants or from a court of appropriate jurisdiction in an amount consistent with such reversal or modification, the portion of the Fee and Expense Amount paid to them.

14. Plaintiffs and all B&W stockholders derivatively on behalf of B&W are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the

commencement or prosecution of any action asserting any of Plaintiffs' Released Claims against any of Defendants' Released Persons.

15. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiffs, Defendants, and each Current B&W Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. The Court finds that this Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: December 19, 2019

Max O. Cogburn Jr
United States District Judge